UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KEVIN POTTER, JR. | CIVIL ACTION

VERSUS | NUMBER 08-294

TECO MARINE SERVICES, LLC., ET AL. | SECTION "L" (4)

JURY INSTRUCTIONS and Verdict Form

MEMBERS OF THE JURY:

YOU HAVE NOW HEARD ALL THE EVIDENCE IN THE CASE AS WELL AS THE FINAL ARGUMENT.

IT BECOMES MY DUTY, AT THIS TIME, TO INSTRUCT YOU ON THE RULES OF LAW THAT YOU MUST FOLLOW AND APPLY IN ARRIVING AT YOUR DECISION IN THE CASE.

IN ANY JURY TRIAL, THERE ARE, IN EFFECT, TWO JUDGES. I AM ONE OF THE JUDGES; THE OTHER IS YOU THE JURY. IT IS MY DUTY TO PRESIDE OVER THE TRIAL AND TO DETERMINE WHAT TESTIMONY AND OTHER EVIDENCE IS ADMISSIBLE UNDER THE LAW FOR YOUR CONSIDERATION. IT IS ALSO MY DUTY AT THE END OF THE TRIAL TO INSTRUCT YOU ON THE LAW APPLICABLE TO THE CASE.

YOU, AS JURORS, ARE THE SOLE JUDGES OF THE FACTS. DO NOT CONSIDER ANY STATEMENTS THAT I HAVE MADE DURING THE COURSE OF

THE TRIAL, WHETHER TO COUNSEL OR WITNESSES OR TO YOU, OR THAT I MAKE IN THESE INSTRUCTIONS AS AN INDICATION THAT I HAVE ANY OPINION AS TO THE FACTS OF THIS CASE. IT IS YOUR RESPONSIBILITY TO DETERMINE THE FACTS.

IN DETERMINING WHAT ACTUALLY HAPPENED IN THIS CASE--THAT IS, IN REACHING YOUR DECISION AS TO THE FACTS--IT IS YOUR SWORN DUTY TO FOLLOW THE LAW AS I EXPLAIN IT TO YOU AND YOU MUST FOLLOW MY INSTRUCTIONS AS A WHOLE.

YOU HAVE NO RIGHT TO DISREGARD OR GIVE SPECIAL ATTENTION TO ANY ONE INSTRUCTION, OR TO QUESTION THE WISDOM OR CORRECTNESS OF ANY RULE I MAY STATE TO YOU. THAT IS, YOU MUST NOT SUBSTITUTE OR FOLLOW YOUR OWN NOTION OR OPINION AS TO WHAT THE LAW IS OR OUGHT TO BE. IT IS YOUR DUTY TO APPLY THE LAW AS I GIVE IT TO YOU, REGARDLESS OF THE CONSEQUENCES.

BY THE SAME TOKEN, IT IS ALSO YOUR DUTY TO BASE YOUR VERDICT SOLELY UPON THE TESTIMONY AND EVIDENCE IN THE CASE WITHOUT PREJUDICE OR SYMPATHY. THAT WAS THE PROMISE YOU MADE AND THE OATH YOU TOOK BEFORE BEING ACCEPTED BY THE PARTIES AS JURORS IN THIS CASE, AND THEY HAVE THE RIGHT TO EXPECT NOTHING LESS.

THIS CASE SHOULD BE CONSIDERED AND DECIDED BY YOU AS AN ACTION BETWEEN PERSONS OF EQUAL STANDING IN THE COMMUNITY, OF EQUAL WORTH, AND HOLDING THE SAME OR SIMILAR STATIONS IN LIFE. ALL

PERSONS AND CORPORATIONS OR OTHER ENTITIES STAND EQUAL BEFORE THE LAW AND ARE TO BE DEALT WITH AS EQUALS IN THE COURT OF JUSTICE.

AS I STATED EARLIER, IT IS YOUR DUTY TO DETERMINE THE FACTS, AND IN SO DOING, YOU MUST CONSIDER ONLY THE EVIDENCE I HAVE ADMITTED IN THE CASE. THE TERM "EVIDENCE" INCLUDES THE SWORN TESTIMONY OF THE WITNESSES AND THE EXHIBITS ADMITTED INTO THE RECORD. REMEMBER THAT ANY STATEMENTS, OBJECTIONS, QUESTIONS, OR ARGUMENTS MADE BY THE LAWYERS ARE NOT EVIDENCE IN THE CASE. THE FUNCTION OF THE LAWYERS IS TO POINT OUT THOSE THINGS THAT ARE MOST SIGNIFICANT OR MOST HELPFUL TO THEIR SIDE OF THE CASE, AND IN SO DOING TO CALL YOUR ATTENTION TO CERTAIN FACTS OR INFERENCES THAT THEY ARE PARTICULARLY CONCERNED THAT YOU RECALL. IN THE FINAL ANALYSIS, HOWEVER, IT IS YOUR OWN RECOLLECTION AND INTERPRETATION OF THE EVIDENCE THAT CONTROLS IN THE CASE. WHAT THE LAWYERS SAY IS NOT BINDING UPON YOU.

SO, WHILE YOU SHOULD CONSIDER ONLY THE EVIDENCE IN THE CASE, YOU ARE PERMITTED TO DRAW SUCH REASONABLE INFERENCES FROM THE TESTIMONY AND THE EXHIBITS AS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF COMMON EXPERIENCE. IN OTHER WORDS, YOU MAY MAKE DEDUCTIONS AND REACH CONCLUSIONS THAT REASON AND COMMON SENSE LEAD YOU TO DRAW FROM THE FACTS THAT HAVE BEEN ESTABLISHED BY THE TESTIMONY AND EVIDENCE IN THE CASE.

YOU MAY CONSIDER EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE.

"DIRECT EVIDENCE" IS THE TESTIMONY OF ONE WHO ASSERTS ACTUAL KNOWLEDGE OF A FACT, SUCH AS AN EYEWITNESS. "CIRCUMSTANTIAL EVIDENCE" IS PROOF OF A CHAIN OF FACTS AND CIRCUMSTANCES INDICATING A FACT TO BE PROVED. THE LAW MAKES NO DISTINCTION BETWEEN THE WEIGHT TO BE GIVEN TO EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE.

THE BURDEN OF PROOF IS ON THE PLAINTIFF IN A CIVIL ACTION, SUCH AS THIS ONE, TO PROVE EVERY ESSENTIAL ELEMENT OF HIS CLAIMS BY A "PREPONDERANCE OF THE EVIDENCE." A PREPONDERANCE OF THE EVIDENCE MEANS SUCH EVIDENCE AS, WHEN CONSIDERED AND COMPARED WITH THAT OPPOSED TO IT, HAS MORE CONVINCING FORCE AND PRODUCES IN YOUR MINDS A BELIEF THAT WHAT IS SOUGHT TO BE PROVED IS MORE LIKELY TRUE THAN NOT TRUE. IN OTHER WORDS, TO ESTABLISH A CLAIM BY A "PREPONDERANCE OF THE EVIDENCE" MERELY MEANS TO PROVE THAT THE CLAIM IS MORE LIKELY SO THAN NOT SO. IN DETERMINING WHETHER ANY FACT HAS BEEN PROVED BY A "PREPONDERANCE OF THE EVIDENCE" IN THE CASE, YOU MAY, UNLESS OTHERWISE INSTRUCTED, CONSIDER THE TESTIMONY OF ALL WITNESSES, REGARDLESS OF WHO MAY HAVE CALLED THEM, AND ALL EXHIBITS RECEIVED IN EVIDENCE, REGARDLESS OF WHO MAY HAVE PRODUCED THEM. IF THE PROOF SHOULD FAIL TO ESTABLISH ANY ESSENTIAL ELEMENT OF THE PLAINTIFF'S CLAIMS FOR DAMAGES BY A PREPONDERANCE OF THE EVIDENCE, YOU, THE JURY, SHOULD FIND FOR THE DEFENDANTS AS TO THAT CLAIM.

AS I HAVE STATED, THE PLAINTIFF NEEDS TO PROVE HIS CASE ONLY BY A PREPONDERANCE OF THE EVIDENCE. HE NEED NOT PRODUCE EVERY POSSIBLE WITNESS, AND HE NEED NOT PROVE HIS CASE BEYOND A REASONABLE DOUBT, AS IS NECESSARY IN A CRIMINAL PROSECUTION. BUT SPECULATION OR MERE POSSIBILITY AND EVEN UNSUPPORTED PROBABILITY IS NOT SUFFICIENT TO SUPPORT A JUDGMENT IN HIS FAVOR.

IN DECIDING THIS CASE, YOU ARE EXPECTED TO USE YOUR GOOD SENSE. GIVE THE EVIDENCE AND THE TESTIMONY OF THE WITNESSES A REASONABLE AND FAIR INTERPRETATION IN THE LIGHT OF YOUR KNOWLEDGE OF THE NATURAL TENDENCIES OF HUMAN BEINGS.

IN WEIGHING THE TESTIMONY AND IN DETERMINING THE CREDIBILITY OF ANY WITNESS, YOU MAY CONSIDER THE CONDUCT OF THE WITNESS, HIS OR HER BEARING ON THE WITNESS STAND, HIS OR HER PERSONAL FEELINGS AS DEMONSTRATED BY HIS OR HER TESTIMONY AND HIS OR HER ACTIONS, ANY INTEREST HE OR SHE MAY HAVE IN THE OUTCOME OF THE CASE, ANY PREJUDICE OR BIAS HE OR SHE MAY HAVE SHOWN, AND ANY PARTIALITY HE OR SHE MAY HAVE DEMONSTRATED.

IN WEIGHING THE CONDUCT OF A WITNESS OR HIS OR HER TESTIMONY, YOU SHOULD KEEP IN MIND, OF COURSE, THAT A SIMPLE MISTAKE BY A WITNESS DOES NOT NECESSARILY MEAN THAT THE WITNESS WAS NOT TELLING THE TRUTH AS HE OR SHE REMEMBERS IT, BECAUSE PEOPLE MAY FORGET SOME THINGS OR REMEMBER OTHER THINGS INACCURATELY. SO, IF

A WITNESS HAS MADE A MISSTATEMENT, YOU NEED TO CONSIDER WHETHER THAT MISSTATEMENT WAS AN INTENTIONAL FALSEHOOD OR SIMPLY AN INNOCENT LAPSE OF MEMORY; AND THE SIGNIFICANCE OF THAT MAY DEPEND ON WHETHER IT HAS TO DO WITH AN IMPORTANT FACT OR WITH ONLY AN UNIMPORTANT DETAIL.

A WITNESS MAY BE DISCREDITED OR IMPEACHED BY CONTRADICTORY EVIDENCE OR BY EVIDENCE THAT AT SOME OTHER TIME THE WITNESS HAS SAID OR DONE SOMETHING, OR HAS FAILED TO SAY OR DO SOMETHING THAT IS INCONSISTENT WITH THE WITNESS' PRESENT TESTIMONY. IF YOU BELIEVE ANY WITNESS HAS BEEN IMPEACHED AND THUS DISCREDITED, YOU MAY GIVE THE TESTIMONY OF THAT WITNESS SUCH CREDIBILITY, IF ANY, YOU THINK IT DESERVES. IF A WITNESS IS SHOWN KNOWINGLY TO HAVE TESTIFIED FALSELY ABOUT ANY MATERIAL MATTER, YOU HAVE A RIGHT TO DISTRUST SUCH WITNESS' OTHER TESTIMONY AND YOU MAY REJECT ALL THE TESTIMONY OF THAT WITNESS OR GIVE IT SUCH CREDIBILITY AS YOU MAY THINK IT DESERVES. AN ACT OR OMISSION IS "KNOWINGLY DONE," IF VOLUNTARILY AND INTENTIONALLY, AND NOT BECAUSE OF MISTAKE OR ACCIDENT OR OTHER INNOCENT REASON.

THE TESTIMONY OF A SINGLE WITNESS MAY BE SUFFICIENT TO PROVE ANY FACT, EVEN IF A GREATER NUMBER OF WITNESSES MAY HAVE TESTIFIED TO THE CONTRARY, IF AFTER CONSIDERING ALL THE OTHER EVIDENCE YOU BELIEVE THAT SINGLE WITNESS.

WHEN KNOWLEDGE OF TECHNICAL SUBJECT MATTER MAY BE HELPFUL TO THE JURY, A PERSON WHO HAS SPECIAL TRAINING OR EXPERIENCE IN THAT TECHNICAL FIELD MAY BE CALLED AS AN EXPERT WITNESS AND IS PERMITTED TO STATE HIS OPINION ON THOSE TECHNICAL MATTERS. IN THIS PARTICULAR CASE CERTAIN CONCEPTS ARE WITHIN THE SPECIALIZED KNOWLEDGE OF EXPERTS, THEREFORE EXPERT WITNESSES HAVE TESTIFIED IN THIS CASE. HOWEVER, YOU ARE NOT REQUIRED TO ACCEPT THAT OPINION. AS WITH ANY OTHER WITNESS, IT IS UP TO YOU TO DECIDE WHETHER TO RELY UPON IT.

IF YOU SHOULD DECIDE THAT THE OPINION OF AN EXPERT WITNESS IS NOT BASED UPON SUFFICIENT EDUCATION AND EXPERIENCE, OR IF YOU SHOULD CONCLUDE THAT THE REASONS GIVEN IN SUPPORT OF THE OPINIONS ARE NOT SOUND, OR THAT THE OPINION IS OUTWEIGHED BY OTHER EVIDENCE, THEN YOU MAY DISREGARD THE OPINION ENTIRELY.

IN DECIDING WHETHER TO REJECT OR RELY UPON THE OPINION OF AN EXPERT WITNESS, YOU MAY CONSIDER ANY BIAS OF THE WITNESS, INCLUDING ANY BIAS YOU MAY INFER FROM EVIDENCE THAT THE EXPERT WITNESS HAS AN ECONOMIC, PHILOSOPHICAL OR OTHER INTEREST IN THE OUTCOME OF THE CASE.

DURING THE COURSE OF TRIAL, YOU WILL HAVE HEARD OBJECTIONS TO EVIDENCE. SOMETIMES THESE HAVE BEEN ARGUED OUT OF THE HEARING OF THE JURY. IT IS THE DUTY OF THE ATTORNEY ON EACH SIDE OF A CASE TO

OBJECT WHEN THE OTHER SIDE OFFERS TESTIMONY OR OTHER EVIDENCE WHICH THE ATTORNEY BELIEVES IS NOT PROPERLY ADMISSIBLE. YOU SHOULD NOT DRAW ANY INFERENCE AGAINST OR SHOW ANY PREJUDICE AGAINST A LAWYER OR HIS CLIENT BECAUSE OF THE MAKING OF AN OBJECTION.

UPON ALLOWING TESTIMONY OR OTHER EVIDENCE TO BE INTRODUCED OVER THE OBJECTIONS OF AN ATTORNEY, THE COURT DOES NOT, UNLESS EXPRESSLY STATED, INDICATE ANY OPINION AS TO THE WEIGHT OR EFFECT OF SUCH EVIDENCE.

WHEN THE COURT HAS SUSTAINED AN OBJECTION TO A QUESTION ADDRESSED TO A WITNESS, THE JURY MUST DISREGARD THE QUESTION ENTIRELY, AND MAY DRAW NO INFERENCE FROM THE WORDING OF IT, OR SPECULATE AS TO WHAT THE WITNESS WOULD HAVE SAID IF PERMITTED TO ANSWER THE QUESTION.

ADDITIONALLY, ANY NOTES THAT YOU HAVE TAKEN DURING THIS TRIAL ARE ONLY AIDS TO YOUR MEMORY. IF YOUR MEMORY DIFFERS FROM YOUR NOTES, YOU SHOULD RELY ON YOUR MEMORY AND NOT ON THE NOTES. THE NOTES ARE NOT EVIDENCE. IF YOU HAVE NOT TAKEN NOTES, YOU SHOULD RELY ON YOUR INDEPENDENT RECOLLECTION OF THE EVIDENCE AND SHOULD NOT BE UNDULY INFLUENCED BY THE NOTES OF OTHER JURORS. NOTES ARE NOT ENTITLED TO ANY GREATER WEIGHT THAN THE RECOLLECTION OR IMPRESSION OF EACH JUROR ABOUT THE TESTIMONY.

IN THIS CASE, THE PLAINTIFF, KEVIN POTTER, JR., WAS EMPLOYED BY DEFENDANT TECO MARINE SERVICES, LLC AS A DECKHAND ABOARD THE M/V MARLENE ELLIS. ON MAY 5, 2007, PLAINTIFF ALLEGES THAT HE WAS INJURED IN AN ACCIDENT WHEN HE FELL OFF OF THE LADDER THAT HE WAS STANDING ON TO PAINT AND SAND THE VESSEL, AS ASSIGNED BY THE CAPTAIN OF THE VESSEL. THE PARTIES AGREE THAT PLAINTIFF WAS ACTING IN THE COURSE AND SCOPE OF HIS EMPLOYMENT AT THE TIME OF HIS INJURY.

THE PARTIES DISPUTE BOTH LIABILITY AND THE NATURE AND EXTENT OF DAMAGES IN THIS CASE. PLAINTIFF ALLEGES THAT ON THE MORNING IN QUESTION, HE WAS USING AN 8 FOOT A-FRAME LADDER TO SAND THE THIRD LEVEL OF THE PORT SIDE WHEELHOUSE OF THE VESSEL. ACCORDING TO PLAINTIFF, THERE WAS NOT ENOUGH ROOM TO OPEN THE LADDER IN A SAFE POSITION, SO HE LEANED THE LADDER AGAINST THE WHEELHOUSE. HE MAINTAINS THAT THE BACK TWO FEET OF THE LADDER WERE IN CONTACT WITH THE DRIP EDGE ON THE DECK AND THAT HE WAS UNABLE TO TIE OFF THE LADDER BECAUSE NO ACCEPTABLE ROPE WAS AVAILABLE. PLAINTIFF FURTHER ASSERTS THAT THE ACCIDENT OCCURRED WHEN, AFTER ABOUT 25 TO 30 MINUTES ON THE LADDER, THE VESSEL STRUCK ANOTHER VESSEL WITHOUT WARNING.

THE PLAINTIFF CLAIMS THAT HE WAS INJURED AS A RESULT OF THIS ACCIDENT. HE ALLEGES THAT THE HIT CAUSED HIM TO DROP THE SANDER, AND CAUSED ONE OF HIS LEGS TO SLIP THROUGH THE RUNGS OF THE LADDER.

PLAINTIFF FURTHER CLAIMS THAT THE LADDER FELL AND CAME DOWN ACROSS HIS BACK LEGS. AS A RESULT, PLAINTIFF ASSERTS THAT HE SUFFERED A BACK INJURY AND IS ENTITLED TO RECOVER DAMAGES, INCLUDING LOST WAGES, FROM THE DEFENDANT. PLAINTIFF BRINGS HIS CLAIM UNDER THE JONES ACT AND ASSERTS THAT TECO WAS NEGLIGENT IN FAILING TO PROVIDE HIM WITH A SAFE PLACE TO WORK AND THE PROPER TOOLS TO DO THE JOB, AND THAT THE VESSEL WAS UNSEAWORTHY.

THE DEFENDANT DENIES LIABILITY. THE DEFENDANT CLAIMS THAT THE ACCIDENT WAS CAUSED SOLELY BY THE NEGLIGENCE OF THE PLAINTIFF. THE DEFENDANT CLAIMS THAT THE ACCIDENT WAS UNWITNESSED AND THAT THE EVIDENCE DOES NOT SHOW THAT THE BUMP CAUSED THE LADDER TO FALL. THEY FURTHER ASSERT THAT THE LADDER FELL BECAUSE PLAINTIFF HAD POSITIONED IT UNSAFELY BY LEANING IT UP AGAINST THE WHEELHOUSE INSTEAD OF OPENING THE A-FRAME LADDER. THEY FURTHER CLAIM THAT PLAINTIFF COULD HAVE ASKED FOR HELP OR OPTED TO TIE THE LADDER DOWN. FINALLY, DEFENDANT CLAIMS THAT OTHERS ONBOARD THE VESSEL WERE UNAWARE THAT THE PLAINTIFF WAS ON THE LADDER AND THEREFORE DID NOT REALIZE THAT ANY WARNINGS MIGHT BE NECESSARY. REGARDING DAMAGES, DEFENDANT CLAIMS THAT PLAINTIFF'S CONDITION PREEXISTED THE MAY 5, 2007 INCIDENT AND THAT THE PLAINTIFF IS CAPABLE OF WORKING AND THAT ANY ECONOMIC LOSS IS THE RESULT OF PLAINTIFF'S FAILURE TO MITIGATE HIS DAMAGES BY RETURNING TO WORK FULL TIME.

**LIABILITY**

THE PLAINTIFF IS ASSERTING TWO SEPARATE CLAIMS AGAINST THE DEFENDANTS IN THIS CASE. THE PLAINTIFF'S FIRST CLAIM UNDER A FEDERAL STATUTE OR LAW KNOWN AS THE JONES ACT IS THAT THE PLAINTIFF'S EMPLOYER, TECO MARINES SERVICES, LLC, WAS NEGLIGENT AND THAT THIS NEGLIGENCE WAS THE CAUSE OF THE PLAINTIFF'S INJURIES. THE PLAINTIFF'S SECOND CLAIM IS THAT THE VESSEL, THE M/V MARLENE ELLIS, WAS UNSEAWORTHY AND THAT THIS UNSEAWORTHINESS CAUSED HIS INJURIES.

YOU MUST CONSIDER EACH OF THESE CLAIMS SEPARATELY. THE PLAINTIFF IS NOT REQUIRED TO PROVE BOTH OF THESE CLAIMS. HE MAY RECOVER IF HE PROVES EITHER OF THEM. HOWEVER, HE MAY ONLY RECOVER THOSE DAMAGES OR BENEFITS THAT THE LAW PROVIDES FOR THE CLAIMS THAT HE PROVES; HE MAY NOT RECOVER THE SAME DAMAGES OR BENEFITS MORE THAN ONCE.

**JONES ACT**

UNDER THE JONES ACT, THE PLAINTIFF MUST PROVE THAT HIS EMPLOYER WAS NEGLIGENT. NEGLIGENCE IS THE DOING OF AN ACT THAT A REASONABLY PRUDENT PERSON WOULD NOT DO, OR THE FAILURE TO DO SOMETHING THAT A REASONABLY PRUDENT PERSON WOULD DO, UNDER THE SAME OR SIMILAR CIRCUMSTANCES. THE OCCURRENCE OF AN ACCIDENT, STANDING ALONE, DOES NOT MEAN ANYONE'S NEGLIGENCE CAUSED THE ACCIDENT.

IN A JONES ACT CLAIM, THE WORD "NEGLIGENCE" IS GIVEN A LIBERAL INTERPRETATION. IT INCLUDES ANY BREACH, HOWEVER SLIGHT, OF A DUTY THAT AN EMPLOYER OWES TO HIS EMPLOYEES WHO ARE SEAMEN, INCLUDING THE DUTY OF PROVIDING FOR THE SAFETY OF THE CREW, PROVIDING EMPLOYEES A REASONABLY SAFE PLACE TO WORK, AND PROVIDING THEM WITH APPROPRIATE TOOLS AND EQUIPMENT.

UNDER THE JONES ACT, IF THE EMPLOYER'S NEGLIGENT ACT CAUSED THE PLAINTIFF'S INJURY, IN WHOLE OR IN PART, THEN YOU MUST FIND THAT THE EMPLOYER IS LIABLE UNDER THE JONES ACT.

YOU MUST DETERMINE IF THE OPERATION IN QUESTION WAS REASONABLY SAFE UNDER THE CIRCUMSTANCES. THE FACT THAT A CERTAIN PRACTICE HAS BEEN CONTINUED FOR A LONG PERIOD OF TIME DOES NOT NECESSARILY MEAN THAT IT IS REASONABLY SAFE UNDER ALL CIRCUMSTANCES. A LONG ACCEPTED PRACTICE MAY BE AN UNSAFE PRACTICE. HOWEVER, A PRACTICE IS NOT NECESSARILY UNSAFE OR UNREASONABLE MERELY BECAUSE IT INJURES SOMEONE.

A SEAMAN'S EMPLOYER IS LEGALLY RESPONSIBLE FOR THE NEGLIGENCE OF ONE OF HIS EMPLOYEES WHILE THAT EMPLOYEE IS ACTING WITHIN THE COURSE AND SCOPE OF HIS EMPLOYMENT.

**UNSEAWORTHINESS**

WITH REGARD TO PLAINTIFF'S SECOND CLAIM--THE CLAIM OF UNSEAWORTHINESS–THE OWNER OF A VESSEL, SUCH AS TECO MARINE

SERVICES, LLC, OWNER OF THE MV MARLENE ELLIS AND ITS APPURTENANCES, OWES TO EVERY MEMBER OF THE CREW THE ABSOLUTE DUTY TO KEEP AND MAINTAIN THE VESSEL IN A SEAWORTHY CONDITION AT ALL TIMES.

A SEAWORTHY VESSEL IS ONE THAT IS REASONABLY FIT FOR ITS INTENDED USE. THE DUTY TO PROVIDE A SEAWORTHY VESSEL IS ABSOLUTE BECAUSE TECO MARINE SERVICES, LLC MAY NOT DELEGATE THAT DUTY TO ANYONE. LIABILITY FOR AN UNSEAWORTHY CONDITION DOES NOT IN ANY WAY DEPEND UPON NEGLIGENCE OR FAULT OR BLAME. IF A VESSEL OWNER DOES NOT PROVIDE A SEAWORTHY VESSEL—A VESSEL THAT IS REASONABLY FIT FOR ITS INTENDED USE—NO AMOUNT OF CARE OR PRUDENCE EXCUSES THE OWNER.

HOWEVER, THE OWNER OF A VESSEL IS NOT REQUIRED TO FURNISH AN ACCIDENT-FREE SHIP. THE VESSEL OWNER NEED ONLY FURNISH A VESSEL AND ITS APPURTENANCES THAT ARE REASONABLY FIT FOR THEIR INTENDED USE AND A CREW THAT IS REASONABLY ADEQUATE FOR THEIR ASSIGNED TASKS.

THE SHIPOWNER IS NOT REQUIRED TO PROVIDE THE BEST APPLIANCES AND EQUIPMENT, OR THE FINEST OF CREWS, ON HIS VESSEL. HE IS ONLY REQUIRED TO PROVIDE GEAR THAT IS REASONABLY PROPER AND SUITABLE FOR ITS INTENDED USE, AND A CREW THAT IS REASONABLY ADEQUATE.

**CONTRIBUTORY NEGLIGENCE**

THE DEFENDANTS CONTEND THAT THE PLAINTIFF WAS NEGLIGENT, AND THAT MR. POTTER'S NEGLIGENCE CAUSED OR CONTRIBUTED TO CAUSING

HIS INJURY. THIS IS THE DEFENSE OF CONTRIBUTORY NEGLIGENCE. THE DEFENDANTS HAVE THE BURDEN OF PROVING THAT THE PLAINTIFF WAS CONTRIBUTORILY NEGLIGENT AND THAT HIS NEGLIGENCE CAUSED OR CONTRIBUTED TO HIS INJURY. IF THE PLAINTIFF WAS GUILTY OF CONTRIBUTORY NEGLIGENCE THAT CONTRIBUTED TO HIS INJURY, HE MAY NEVERTHELESS RECOVER. HOWEVER, THE AMOUNT OF HIS RECOVERY WILL BE REDUCED BY THE EXTENT OF HIS CONTRIBUTORY NEGLIGENCE.

A SEAMAN, SUCH AS THE PLAINTIFF, IS OBLIGATED UNDER THE JONES ACT TO ACT WITH ORDINARY PRUDENCE UNDER THE CIRCUMSTANCES. THE CIRCUMSTANCES OF A SEAMAN'S EMPLOYMENT INCLUDE NOT ONLY HIS RELIANCE ON HIS EMPLOYER TO PROVIDE A SAFE WORK ENVIRONMENT, BUT ALSO HIS OWN EXPERIENCE, TRAINING AND EDUCATION. IN OTHER WORDS, A SEAMAN HAS THE DUTY TO EXERCISE THAT DEGREE OF CARE FOR HIS OWN SAFETY THAT A REASONABLE SEAMAN WOULD EXERCISE IN LIKE CIRCUMSTANCES.

IF YOU FIND THE DEFENDANT LIABLE FOR THE ACCIDENT, BUT ALSO FIND THAT THE PLAINTIFF WAS NEGLIGENT AND THAT HIS NEGLIGENCE CONTRIBUTED TO HIS INJURIES, THEN YOU MUST DETERMINE THE PERCENTAGE THAT PLAINTIFF'S NEGLIGENCE CONTRIBUTED TO HIS INJURIES. YOU WILL PROVIDE THIS INFORMATION BY FILLING IN THE APPROPRIATE BLANKS IN THE VERDICT FORM WHICH I HAVE GIVEN TO YOU. DO NOT MAKE ANY REDUCTION IN THE AMOUNT OF DAMAGES THAT YOU AWARD TO THE PLAINTIFF. I WILL

REDUCE THE DAMAGES THAT YOU AWARD BY THE PERCENTAGE OF CONTRIBUTORY NEGLIGENCE THAT YOU ASSIGN TO THE PLAINTIFF, IF ANY.

**CAUSATION**

NOT EVERY INJURY THAT FOLLOWS AN ACCIDENT NECESSARILY RESULTS FROM IT. THE ACCIDENT MUST BE THE CAUSE OF THE INJURY. IN DETERMINING CAUSATION, A DIFFERENT RULE APPLIES TO THE JONES ACT CLAIM AND TO THE UNSEAWORTHINESS CLAIM.

UNDER THE JONES ACT, FOR BOTH DEFENDANT'S ALLEGED NEGLIGENCE AND THE PLAINTIFF'S ALLEGED CONTRIBUTORY NEGLIGENCE, ANY INJURY OR DAMAGE IS CONSIDERED CAUSED BY AN ACT OR FAILURE TO ACT IF THE ACT OR OMISSION BROUGHT ABOUT OR ACTUALLY CAUSED THE INJURY OR DAMAGE, IN WHOLE OR IN PART.

IN AN UNSEAWORTHINESS CLAIM, THE PLAINTIFF MUST SHOW, NOT MERELY THAT THE UNSEAWORTHY CONDITION WAS A CAUSE OF THE INJURY, BUT THAT SUCH CONDITION WAS A PROXIMATE CAUSE OF IT. THIS MEANS THAT THE PLAINTIFF MUST SHOW THAT THE CONDITION IN QUESTION WAS A SUBSTANTIAL FACTOR IN BRINGING ABOUT OR ACTUALLY CAUSING HIS INJURY, AND THAT THE INJURY WAS EITHER A DIRECT RESULT OR A REASONABLY PROBABLE CONSEQUENCE OF THE CONDITION.

THERE CAN BE MORE THAN ONE CAUSE-IN-FACT OF AN ACCIDENT.

**DAMAGES**

LET ME MAKE SOME GENERAL COMMENTS ABOUT MONETARY DAMAGES. IF YOU FIND THAT THE DEFENDANTS ARE LIABLE, YOU MAY AWARD THE MONETARY AMOUNT YOU FIND BY A PREPONDERANCE OF THE EVIDENCE AS FULL AND JUST COMPENSATION FOR ALL OF THE PLAINTIFF'S DAMAGES. DAMAGES ARE NOT ALLOWED AS A PUNISHMENT AGAINST A PARTY. SUCH DAMAGES CANNOT BE BASED ON SPECULATION.

ANY AWARD YOU MAKE TO THE PLAINTIFF IS NOT SUBJECT TO INCOME TAX; NEITHER THE STATE NOR THE FEDERAL GOVERNMENT WILL TAX IT. THEREFORE, YOU SHOULD DETERMINE THE AMOUNT THAT PLAINTIFF IS ENTITLED TO RECEIVE WITHOUT CONSIDERING THE EFFECT OF TAXES UPON IT.

YOU SHOULD NOT INTERPRET THE FACT THAT I HAVE GIVEN INSTRUCTIONS ABOUT THE PLAINTIFF'S DAMAGES AS AN INDICATION IN ANY WAY THAT I BELIEVE THAT THE PLAINTIFF SHOULD, OR SHOULD NOT, WIN THIS CASE. IT IS YOUR TASK FIRST TO DECIDE WHETHER THE DEFENDANTS ARE LIABLE. I AM INSTRUCTING YOU ON DAMAGES ONLY SO THAT YOU WILL HAVE GUIDANCE IN THE EVENT YOU DECIDE THAT THE PLAINTIFF WAS INJURED AS A RESULT OF THE DEFENDANTS' FAULT AND THAT THE PLAINTIFF IS ENTITLED TO RECOVER MONEY FROM THE DEFENDANTS.

IF YOU FIND THAT THE DEFENDANTS ARE LIABLE, YOU MUST DETERMINE AN AMOUNT THAT IS FAIR COMPENSATION FOR ALL OF THE PLAINTIFF'S DAMAGES. THESE DAMAGES ARE CALLED COMPENSATORY DAMAGES. THE

PURPOSE OF COMPENSATORY DAMAGES IS TO MAKE THE PLAINTIFF WHOLE – THAT IS, TO COMPENSATE THE PLAINTIFF FOR THE DAMAGE HE SUFFERED.

YOU MAY AWARD COMPENSATORY DAMAGES ONLY FOR INJURIES THAT THE PLAINTIFF PROVES WERE CAUSED BY THE DEFENDANTS' FAULT OR THE UNSEAWORTHINESS OF THE DEFENDANTS' VESSEL. YOU MAY AWARD DAMAGES FOR AGGRAVATION OF AN EXISTING DISEASE OR PHYSICAL DEFECT RESULTING FROM PHYSICAL INJURY TO THE PLAINTIFF. IF YOU FIND THAT THERE WAS SUCH AN AGGRAVATION, YOU SHOULD DETERMINE, IF YOU CAN, WHAT PORTION OF THE PLAINTIFF'S CONDITION RESULTED FROM THE AGGRAVATION, AND MAKE ALLOWANCE IN YOUR VERDICT ONLY FOR THE AGGRAVATION. THE DAMAGES YOU AWARD MUST BE FAIR COMPENSATION FOR ALL OF THE PLAINTIFF'S DAMAGES, NO MORE AND NO LESS. DAMAGES ARE NOT ALLOWED AS A PUNISHMENT AND CANNOT BE IMPOSED OR INCREASED TO PENALIZE THE DEFENDANTS. YOU SHOULD NOT AWARD COMPENSATORY DAMAGES FOR SPECULATIVE INJURIES, BUT ONLY FOR THOSE INJURIES WHICH THE PLAINTIFF ACTUALLY SUFFERED.

IF YOU DECIDE TO AWARD COMPENSATORY DAMAGES, YOU SHOULD BE GUIDED BY DISPASSIONATE COMMON SENSE. THAT IS TO SAY, YOU SHOULD NOT BE AFFECTED BY SYMPATHY, COMPASSION, PREJUDICE, OR BIAS. COMPUTING DAMAGES MAY BE DIFFICULT, BUT YOU MUST NOT LET THAT DIFFICULTY LEAD YOU TO ENGAGE IN ARBITRARY GUESSWORK. ON THE OTHER HAND, THE LAW DOES NOT REQUIRE THAT THE PLAINTIFF PROVE THE AMOUNT

OF HIS LOSSES WITH MATHEMATICAL PRECISION, BUT ONLY WITH AS MUCH DEFINITENESS AND ACCURACY AS THE CIRCUMSTANCES PERMIT.

YOU MUST USE SOUND DISCRETION IN FIXING AN AWARD OF DAMAGES, DRAWING REASONABLE INFERENCES WHERE YOU FIND THEM APPROPRIATE FROM THE FACTS AND CIRCUMSTANCES IN EVIDENCE.

THE PLAINTIFF HAS CLAIMED PERSONAL INJURIES RESULTING FROM THE ACCIDENT. THE DAMAGES FOR PERSONAL INJURY CANNOT BE ASSESSED BY ANY FIXED RULE, BUT YOU ARE THE SOLE JUDGES AS TO THE MEASURE OF DAMAGES IN THIS CASE. YOU MAY CONSIDER THE FOLLOWING AREAS TO DETERMINE THE AMOUNT OF DAMAGES, IF ANY, TO AWARD AS MAY BE JUSTIFIED BY THE EVIDENCE:

1. FUTURE MEDICAL EXPENSES

2. LOSS OF PAST WAGES

3. FUTURE LOST WAGES

4. PAST, PRESENT AND FUTURE PAIN AND SUFFERING

IF YOU FIND THAT THE PLAINTIFF IS ENTITLED TO AN AWARD OF DAMAGES FOR FUTURE MEDICAL EXPENSES, YOU SHOULD DETERMINE THE REASONABLE VALUE OF MEDICINE OR TREATMENT THAT THE PLAINTIFF WILL REQUIRE BECAUSE OF HIS INJURIES WHICH WERE CAUSED BY THE DEFENDANT'S WRONGFUL CONDUCT.

IF YOU FIND THAT THE PLAINTIFF IS ENTITLED TO AN AWARD OF

DAMAGES FOR LOSS OF FUTURE EARNINGS, THERE ARE TWO PARTICULAR FACTORS YOU MUST CONSIDER. FIRST, YOU SHOULD CONSIDER LOSS AFTER INCOME TAXES; THAT IS, YOU SHOULD DETERMINE THE ACTUAL OR NET INCOME THAT PLAINTIFF HAS LOST OR WILL LOSE, TAKING INTO CONSIDERATION THAT ANY PAST OR FUTURE EARNINGS THAT THE PLAINTIFF WOULD HAVE RECOVERED BUT FOR HIS INJURY WOULD BE SUBJECT TO INCOME TAXES. SECOND, AN AMOUNT TO COVER A FUTURE LOSS OF WAGES IS MORE VALUABLE TO THE PLAINTIFF IF HE RECEIVED THE AMOUNT TODAY THAN IF HE RECEIVED THE SAME AMOUNT IN THE FUTURE. THEREFORE, IF YOU DECIDE TO AWARD THE PLAINTIFF AN AMOUNT FOR LOST FUTURE EARNINGS, YOU MUST DISCOUNT THAT AWARD TO PRESENT VALUE BY CONSIDERING WHAT RETURN WOULD BE REALIZED ON A RELATIVELY RISK FREE INVESTMENT.

HOWEVER, YOU MUST NOT MAKE ANY ADJUSTMENT TO PRESENT VALUE FOR ANY DAMAGES YOU MAY AWARD FOR FUTURE PAIN AND SUFFERING OR FUTURE MENTAL ANGUISH.

**MITIGATION OF DAMAGES**

A PERSON WHO CLAIMS DAMAGES RESULTING FROM THE WRONGFUL ACT OF ANOTHER HAS A DUTY UNDER THE LAW TO USE REASONABLE DILIGENCE TO MITIGATE - TO AVOID OR MINIMIZE THOSE DAMAGES.

IF YOU FIND THE DEFENDANTS ARE LIABLE AND THE PLAINTIFF HAS SUFFERED DAMAGES, THE PLAINTIFF MAY NOT RECOVER FOR ANY ITEM OF DAMAGE WHICH HE COULD HAVE AVOIDED THROUGH REASONABLE EFFORT. IF YOU FIND BY A PREPONDERANCE OF THE EVIDENCE THE PLAINTIFF UNREASONABLY FAILED TO TAKE ADVANTAGE OF AN OPPORTUNITY TO LESSEN HIS DAMAGES, YOU SHOULD DENY HIM RECOVERY FOR THOSE DAMAGES WHICH HE WOULD HAVE AVOIDED HAD HE TAKEN ADVANTAGE OF THE OPPORTUNITY.

YOU ARE THE SOLE JUDGE OF WHETHER THE PLAINTIFF ACTED REASONABLY IN AVOIDING OR MINIMIZING HIS DAMAGES. AN INJURED PLAINTIFF MAY NOT SIT IDLY BY WHEN PRESENTED WITH AN OPPORTUNITY TO REDUCE HIS DAMAGES. HOWEVER, HE IS NOT REQUIRED TO EXERCISE UNREASONABLE EFFORTS OR INCUR UNREASONABLE EXPENSES IN MITIGATING THE DAMAGES. THE DEFENDANTS HAVE THE BURDEN OF PROVING THE DAMAGES WHICH THE PLAINTIFF COULD HAVE MITIGATED. IN DECIDING WHETHER TO REDUCE THE PLAINTIFF'S DAMAGES BECAUSE OF HIS FAILURE TO MITIGATE, YOU MUST WEIGH ALL THE EVIDENCE IN LIGHT OF THE PARTICULAR CIRCUMSTANCES OF THE CASE, USING SOUND DISCRETION IN DECIDING WHETHER THE DEFENDANTS HAVE SATISFIED THEIR BURDEN OF PROVING THAT THE PLAINTIFF'S CONDUCT WAS NOT REASONABLE.

IN CONSIDERING THE DAMAGES, IF ANY, RECOVERABLE BY THE

PLAINTIFF, REMEMBER THAT SUGGESTIONS AS TO THE AMOUNT OF DAMAGES THAT SHOULD BE AWARDED ARE MERE ARGUMENTS OF COUNSEL. YOU MAY CONSIDER THEM AND USE THEM ONLY AS GUIDELINES TO WHATEVER EXTENT THEY MAY AID YOU IN ARRIVING AT A REASONABLE AND JUST AWARD IN VIEW OF THE EVIDENCE. BUT YOU ARE IN NO WAY BOUND BY, NOR SHOULD YOU USE, ANY RIGID MATHEMATICAL FORMULA. THE DETERMINATION OF DAMAGES IS SOLELY YOUR FUNCTION AND MUST BE BASED ON COMPETENT EVIDENCE.

AGAIN, THE MERE FACT THAT I HAVE GIVEN YOU INSTRUCTIONS ON THE LAW OF DAMAGES DOES NOT IN ANY WAY SUGGEST THAT I BELIEVE THAT ANY DAMAGES ARE DUE IN THIS CASE. THAT IS FOR YOU TO DECIDE.

**DEPOSITION TESTIMONY**

DURING THIS TRIAL, CERTAIN TESTIMONY HAS BEEN PRESENTED TO YOU THROUGH A DEPOSITION. AS I MENTIONED BEFORE, A DEPOSITION IS THE SWORN, RECORDED ANSWERS TO QUESTIONS ASKED A WITNESS IN ADVANCE OF THE TRIAL. UNDER SOME CIRCUMSTANCES, IF A WITNESS CANNOT BE PRESENT TO TESTIFY FROM THE WITNESS STAND, THAT WITNESS' TESTIMONY MAY BE PRESENTED, UNDER OATH, IN THE FORM OF A DEPOSITION. SOME TIME BEFORE THIS TRIAL, ATTORNEYS REPRESENTING THE PARTIES IN THIS CASE QUESTIONED THIS WITNESS UNDER OATH. A COURT REPORTER WAS PRESENT AND RECORDED THE TESTIMONY. THE QUESTIONS AND ANSWERS HAVE BEEN SHOWN TO YOU DURING THIS TRIAL. THIS DEPOSITION TESTIMONY IS ENTITLED

TO THE SAME CONSIDERATION AS IF THE WITNESS HAD BEEN PRESENT AND HAD TESTIFIED FROM THE WITNESS STAND IN COURT.

IT IS YOUR SWORN DUTY AS JURORS TO DISCUSS THE CASE WITH ONE ANOTHER IN AN EFFORT TO REACH AGREEMENT IF YOU CAN DO SO. EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT ONLY AFTER FULL CONSIDERATION OF THE EVIDENCE WITH THE OTHER MEMBERS OF THE JURY. WHILE YOU ARE DISCUSSING THE CASE, DO NOT HESITATE TO RE-EXAMINE YOUR OWN OPINION AND CHANGE YOUR MIND IF YOU BECOME CONVINCED THAT YOU ARE WRONG. HOWEVER, DO NOT GIVE UP YOUR HONEST BELIEFS SOLELY BECAUSE THE OTHERS THINK DIFFERENTLY, OR MERELY TO FINISH THE CASE.

REMEMBER THAT IN A VERY REAL WAY YOU ARE THE JUDGES—JUDGES OF THE FACTS. YOUR ONLY INTEREST IS TO SEEK THE TRUTH FROM THE EVIDENCE IN THE CASE.

I HAVE PREPARED A SPECIAL VERDICT FORM FOR YOUR CONVENIENCE AND TO AID YOU IN REACHING A UNANIMOUS DECISION. YOU WILL TAKE THE FORM WITH YOU TO THE JURY ROOM. THE VERDICT MUST REPRESENT THE CONSIDERED JUDGMENT OF EACH JUROR. YOUR VERDICT MUST BE **UNANIMOUS** ON **EACH** AND **EVERY** INTERROGATORY YOU ARE CALLED ON TO DECIDE.

**[READ THE VERDICT FORM NOW]**

WHEN YOU RETIRE TO THE JURY ROOM TO DELIBERATE ON YOUR VERDICT, YOU MAY TAKE THIS CHARGE WITH YOU AS WELL AS THE EXHIBITS THE COURT ADMITTED INTO EVIDENCE. SELECT YOUR FOREPERSON AND CONDUCT YOUR DELIBERATIONS. IF YOU RECESS DURING YOUR DELIBERATIONS, FOLLOW ALL OF THE INSTRUCTIONS THAT THE COURT HAS GIVEN YOU ABOUT YOUR CONDUCT DURING THE TRIAL. AFTER YOU HAVE REACHED YOUR UNANIMOUS VERDICT, YOUR FOREPERSON IS TO FILL IN ON THE FORM YOUR ANSWERS TO THE QUESTIONS. DO NOT REVEAL YOUR ANSWERS UNTIL SUCH TIME AS YOU ARE DISCHARGED, UNLESS OTHERWISE DIRECTED BY ME. YOU MUST NEVER DISCLOSE TO ANYONE, NOT EVEN TO ME, ANY NUMERICAL DIVISION ON ANY QUESTION.

IF YOU WANT TO COMMUNICATE WITH ME AT ANY TIME, PLEASE GIVE A WRITTEN MESSAGE OR QUESTION TO THE MARSHAL, WHO WILL BRING IT TO ME. I WILL THEN RESPOND AS PROMPTLY AS POSSIBLE EITHER IN WRITING OR BY HAVING YOU BROUGHT INTO THE COURTROOM SO THAT I CAN ADDRESS YOU ORALLY. I WILL ALWAYS FIRST DISCLOSE TO THE ATTORNEYS YOUR QUESTION AND MY RESPONSE BEFORE I ANSWER YOUR QUESTION.

AFTER YOU HAVE REACHED A VERDICT, YOU ARE NOT REQUIRED TO TALK WITH ANYONE ABOUT THE CASE UNLESS THE COURT ORDERS OTHERWISE. YOU MAY NOW RETIRE TO THE JURY ROOM TO CONDUCT YOUR DELIBERATIONS.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KEVIN POTTER, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 08-294** |
| **TECO MARINE SERVICES, LLC., ET AL.** | **SECTION "L" (4)** |

## VERDICT FORM

Please answer the following questions.

1. Was the Plaintiff's employer, TECO Marine Services, LLC, negligent at the time of the accident on May 5, 2007?

Yes_________ No_________

(If your answer to Question 1 is "Yes," please proceed to Question 2; if your answer is "No," please proceed to Question 3)

2. Was TECO Marine Services, LLC's negligence a cause of Kevin Potter's injuries?

Yes_________ No_________

(Please proceed to Question 3)

3. Was Kevin Potter negligent with respect to the accident on May 5, 2007?

Yes_________ No_________

(If your answer to Question 3 is "Yes," please proceed to Question 4; if your answer is "No," please proceed to Question 5)

4. Was Kevin Potter's negligence a cause of his injuries?

Yes_________ No_________

(Please proceed to Question 5)

5. Was the vessel on which Mr. Potter was working at the time of the accident, May 5, 2007, unseaworthy?

Yes_________ No_________

(If your answer to Question 5 is "Yes," please proceed to Question 6; if your answer is "No," please proceed to Question 7)

6. Was the unseaworthiness of the vessel a proximate cause of Kevin Potter's injuries?

Yes_________ No_________

(Please proceed to Question 7)

7. Expressed in a percentage, to what degree, if any, did the fault of each of the following contribute to the cause of Kevin Potter's damages:

a) TECO Marine Services, LLC _________%

b) Kevin Potter _________%

(The total must equal 100%)

(If you have answered "yes" to either questions 1 and 2 or to questions 5 and 6, proceed to question 8. If you have answered "no" to both questions 1 and 2 and questions 5 and 6, skip question 8, date and sign the verdict form and return to the courtroom. )

8. What amount, if any, do you find will fairly and adequately compensate Kevin Potter for his injuries?

a) Future medical expenses $ ______________

b) Past lost wages $ ______________

c) Future lost wages $ ______________

d) Past, present, and future pain and suffering, mental anguish and impairment $ ______________

(Do not make adjustments in damage amounts for the contributory negligence, if any, of Kevin Potter. The Court will make the adjustments if necessary.)

(Please date and sign the verdict form and return to the courtroom.)

New Orleans, Louisiana, this ______ day of August, 2009.

________________________________

**FOREPERSON**